# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL HENRY BRUM,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case No. 18-CV-776-JPS<br><br><br>**ORDER** |

       In 1998, Petitioner was charged with, and pleaded guilty to, crossing state lines with intent to commit murder. *United States v. Michael Henry Brum*, 98-CR-165-RTR (E.D. Wis.). Since judgment was entered against him, Petitioner has filed no less than five motions and other actions seeking relief from his conviction and sentence. These filings, spanning from 2001 to 2009, are detailed in an order of the late District Judge Rudolph T. Randa wherein he dismissed the last two of those motions. *Michael Henry Brum v. United States*, 09-CV-326-RTR (E.D. Wis.), (Docket #2).

       Judge Randa's March 25, 2009 order addressed Petitioner's motions "for abatement of his case *nunc pro tunc*" and to dismiss the criminal case for alleged grand jury malfeasance. *Id.* Judge Randa explained to Petitioner that no matter what he called his motions, if they challenged his conviction or sentence, they must be characterized as motions brought pursuant to 28 U.S.C. § 2255. *Id.*; *Jackson v. United States*, 463 F.3d 635, 639–40 (7th Cir. 2006). Section 2255 provides that a federal prisoner cannot file a second or successive motion to vacate his sentence without authorization from the court of appeals. 28 U.S.C. § 2255(h). Judge Randa dismissed both of Petitioner's motions because they were successive to those he had filed

previously, and Petitioner had not secured the Seventh Circuit's permission to file them. 09-CV-326-RTR, (Docket #2).

Nothing else was heard from Petitioner until May 22, 2018, when he filed the instant action. The opening filing is termed a "petition pursuant to Federal Rule of Civil Procedure 60(b)(4) for emergency relief from void judgment." (Docket #1). The rambling, incoherent document generally asks that the Court vacate his convictions and sentence for a lack of jurisdiction.[1] *Id.* He further accuses Judge Randa and the prosecutors of misconduct for knowingly concealing the absence of jurisdiction. *Id.*

Petitioner's current filing is, like the others before it, nothing more than a creatively-titled request to vacate his sentence and must therefore be characterized as a Section 2255 motion. *Jackson*, 463 F.3d at 639–40, *Melton v. United States*, 359 F.3d 855, 857–58 (7th Cir. 2004) (recharacterizing a successive collateral motion in the sentencing court as a Section 2255 motion is permissible). Once properly construed as a Section 2255 motion, this action must be dismissed because it is successive and is not authorized by the Court of Appeals. 28 U.S.C. § 2255(h).

Judge Randa warned Petitioner that his repeated frivolous filings may earn him sanctions in the future. 09-CV-326-RTR, (Docket #2). Petitioner's latest filing demonstrates that he did not take that admonition to heart. The Court cannot continue to waste its time addressing Petitioner's fanciful musings about the validity of his conviction. It must, therefore,

---

[1] In his 2009 filings, Petitioner argued that the Court lacked jurisdiction to hear his criminal case. His imaginative theory was that 18 U.S.C. § 3231, which confers exclusive jurisdiction over federal criminal cases to district courts, was not properly passed by Congress in 1947, and so never became law. His instant petition presents precisely the same contention. As explained below, the Court does not reach the purported merits of this claim.

sanction Petitioner in the amount of $500.00. Until he pays that sanction, the Clerk of the Court in this District shall return, unfiled, any papers submitted by Petitioner attacking his current criminal conviction, including future collateral attacks. *Simpson v. Eckstein*, Nos. 16-3436, 16-3630, 17-1476, 2017 WL 3948451, at *1 (7th Cir. Mar. 30, 2017); *Montgomery v. Davis*, 362 F.3d 956, 957–58 (7th Cir. 2004). Petitioner will also be barred from filing any further civil suits in this District until the sanction is paid. *Id.*

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate his conviction pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h); and

**IT IS FURTHER ORDERED** that Petitioner is fined in the amount of $500.00. Until he pays that fine in full, the Clerk of the Court of this District is directed to return unfiled any papers submitted by Petitioner attacking his current criminal conviction, including future collateral attacks. Petitioner is also barred from filing further civil suits in this District until the fine is paid.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge